**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-1633**

NAHUN ROBERTO VALLECILLO LOZANO,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 23, 2025                    Decided:  December 30, 2025

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:** Abdoul A. Konare, KONARE LAW, Frederick, Maryland, for Petitioner. Brett A. Shumate, Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Brendan P. Hogan, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nahun Roberto Vallecillo Lozano, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's oral decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

The Board held that Vallecillo Lozano failed to address in his administrative appeal the immigration judge's merits-based rulings denying his asylum, withholding, and CAT claims and that he thus waived review of those issues. The Board nonetheless considered the due process challenge raised in Vallecillo Lozano's notice of appeal, in which he argued that the immigration judge failed to develop the record during his removal hearing. The Board found that the immigration judge satisfied his duty to develop the record and at no point during the hearing did Vallecillo Lozano ask to present additional evidence in support of his applications for relief.

Vallecillo Lozano does not meaningfully address the Board's finding that he waived appellate review of the denial of his asylum, withholding, and CAT claims in his brief in this Court. Accordingly, we deem the issue forfeited. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs); *see also Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument— even if its brief takes a passing shot at the issue." (citation modified)).

2

On appeal to this Court, Vallecillo Lozano again argues that he was not afforded due process protection because the immigration judge failed to develop the evidentiary record during his removal hearing. Our review of the record confirms that the immigration judge adequately explained the hearing procedures, including informing Vallecillo Lozano that he could present evidence, call witnesses, and testify; the immigration judge confirmed that Vallecillo Lozano understood the procedures, and asked Vallecillo Lozano questions to clarify his testimony. At no point during the hearing did Vallecillo Lozano ask to present additional evidence. Therefore, we discern no error in the Board's finding that the immigration judge satisfied his duty of developing the record. *See Quintero v. Garland*, 998 F.3d 612, 629 (4th Cir. 2021) (explaining that "immigration judges have a duty to probe into, inquire of, and elicit all facts relevant to a respondent's claims" in cases involving uncounseled noncitizens).

Accordingly, we deny the petition for review. *See In re Vallecillo Lozano* (B.I.A. May 7, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*